# UNITED STATES DISTRICT COURT
# FOR NEW JERSEY

| | |
|---|---|
| ROSARIO ANFIBIO, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>OPTIO SOLUTIONS LLC,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. Plaintiff Rosario Anfibo on behalf of himself and all others similarly situated ("Plaintiff" or "Anfibo"), by and through her attorneys, alleges that the Defendant, OPTIO SERVICES L.P. ("OPTIO") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiff is a natural person, a resident of Woodland Park, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. OPTIO SOLUTIONS LLC ("OPTIO" or "Defendant") maintains a location at 1444 McDowell Boulevard, Petaluma, CA 94954.

7. OPTIO is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6) because it uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

## STATEMENT OF FACTS

8. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. On or about May 21, 2016, Plaintiff allegedly incurred a financial obligation to Fusion Auto Finance ("Fusion").

10. The Fusion debt obligation allegedly arose out of a transaction to lease a motor vehicle primarily for personal, family and household purposes.

11. The Fusion obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Fusion is a "creditor" as defined by 15 U.S.C. § 1692a(4).

13. Fusion repossessed the motor vehicle underlying the FUSION obligation on or about July 14, 2019.

14. On or before February 3, 2020, the Fusion debt obligation was referred to OPTIO for the purpose of collection of the debt.

15. At the time the Fusion debt obligation was referred to OPTIO for further collection the Fusion obligation was past due and allegedly in default, but disputed by plaintiff due to the making of the Fusion obligation being the product of fraud by the seller of the motor vehicle underlying the obligation for which Fusion is liable as assignee of the debt.

16. On or about February 3, 2020, OPTIO sent a collection letter to Plaintiff seeking to collect the Fusion debt obligation. Plaintiff was angry, frustrated, annoyed, and worried about this collection attempt since he had already engaged counsel to address the dispute and that dispute was pending. Rather than address its claim in the pending litigation, OPTIO sought to bypass that litigation and directly communicate with Plaintiff and not Plaintiff's counsel which is unfair, deceptive, and wrong.

17. Plaintiff caused to be delivered to OPTIO a cease and desist letter dated February 3, 2020 in connection with the collection of the Fusion obligation. A copy of said letters is attached hereto as **Exhibit A**.

18. The February 3, 2020 letter which was sent to OPTIO in connection with the collection of the Fusion obligation stated in part:

> …the repossession of the subject vehicle and the alleged debt accruing therefrom is unlawful. **This debt is disputed**. This matter is currently in litigation.
>
> In accordance with the Federal Fair Debt Collection Practices Act (FDCPA 15 USC 1692, **you are notified to CEASE AND DESIST any and all further attempts to collect this alleged debt and to**

**immediately stop all communication with my client**. Please direct any future correspondence to my office.
(emphasis added)

19. 15 U.S.C. § 1692c(c) of the FDCPA provides that:

    **If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt** or that the consumer wishes the debt collector to cease further communication with the consumer, **the debt collector shall not communicate further with the consumer with respect to such debt**, **except**--

    (1) to advise the consumer that the debt collector's further efforts are being terminated;

    (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

    (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

    If such notice from the consumer is made by mail, notification shall be complete upon receipt. (emphasis added)

20. Thereafter, OPTIO caused to be delivered to Plaintiff collection letters dated March 4, March 18, and April 1, 2020, which were addressed directly to Plaintiff when the Defendant knew the Plaintiff was represented by counsel in relation to the alleged debt. A copy of said letters is attached hereto as **Exhibit B**, which is fully incorporated herein by reference.

21. The described collection letters were sent to Plaintiff by OPTIO after it had received the February 3, 2020 cease and desist letter that Plaintiff's counsel sent to OPTIO.

22. OPTIO's collection letters are each a "communication" as defined by 15 U.S.C. § 1692a(2).

23. OPTIO knew or should have known that its actions violated the FDCPA.

24. Defendant could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately or reasonably review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

25. Defendant's conduct and actions violate the FDCPA, by *inter alia*:

    (a) Continuing to communicate with a consumer with respect to a debt after being advised by the consumer in writing that he or she refused to pay such debt;

    (b) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

    (c) Using a false representation or deceptive means to collect or attempt to collect a debt.

26. Defendants have sent written communications in the form attached hereto as **Exhibit A**, to at least 50 natural persons in the states and territories that comprise the states and territories including within the jurisdiction of the Third Circuit Court of Appeals (i.e. Delaware, New Jersey, Pennsylvania, and the Virgin Islands) within one year of this Complaint.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action as a circuit-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all Delaware, New Jersey, Pennsylvania, and the Virgin Islands consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

28. This Action is properly maintained as a class action. The Class is initially defined as:

> All Delaware, New Jersey, Pennsylvania, and the Virgin Islands consumers who sent cease and desist letters to Defendant which Defendant received but, thereafter, continued to communicate directly with the consumers for (i) a reason not within one of the three (3) statutorily permitted contacts for a debt collector to make after receiving a cease and desist letters as set forth herein or (ii) with knowledge that the consumer is represented by counsel with respect to the debt and the attorney has not consented to the direct communications
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity</u>: The Class is so numerous that joinder of all members is impracticable because there are hundreds of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) similar consumers (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

   b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      i.      Whether the Defendant violated various provisions of the FDCPA;

      ii.      Whether Plaintiff and the Class have been injured by the Defendant's conduct;

      iii.      Whether Plaintiff and the Class have sustained (actual and/or statutory) damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      iv.      Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation</u>: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

29. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

30. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs

complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

31. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

32. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

33. Collection letters and/or notices, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

34. In relation to the Plaintiff and the Class, Defendant violated 15 U.S.C. § 1692c(c) of the FDCPA as described herein.

35. In relation to the Plaintiff and the Class, Defendant violated 15 U.S.C. § 1692c(a)(2) of the FDCPA as described herein.

36. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated who are members of the Class.

37. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with Plaintiff and others similarly situated who are members of the Class.

38. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer who are members of the Class.

39. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

40. As described herein, Defendant engaged in a false representation or deceptive means to collect or attempt to collect the debt in relation to the Plaintiff and the members of the Class.

41. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

42. Plaintiff and others similarly situated who are members of the Class have a right to free from abusive debt collection practices by debt collectors.

43. Plaintiff and others similarly situated who are members of the Class have a right to receive proper notices mandated by the FDCPA.

44. Plaintiff and others similarly situated who are members of the Class were sent letters or other communications, which may have affected their decision-making with regard to the debt without any regard by the Defendant that Plaintiff and Class members: (i) had sent a cease and desist letter to it; and/or (ii) were represented by counsel in relation to the debt.

45. Plaintiff and others similarly situated members of the Class have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein. Members of the Class have sustained similar damages as the Plaintiff described *supra* and also by having their relation with their counsel recklessly interfered with by the Defendant who sought to bypass their counsel representing their interests in relation to the alleged debts.

46. Plaintiff and the Class members have suffered damages and other harm as a direct result of Defendant's actions, conduct, omissions and violations of the FDCPA described herein.

## PRAYER

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: Aug. 21, 2020                        Respectfully submitted,


*/s/ Michael F. Niznick*
LAW OFFICE OF MICHAEL F. NIZNIK
By:     Michael F. Niznik, Esquire
1500 Walnut Street
Suite 900
Philadelphia, PA  19102
(267) 589-0601
Michael@NiznikLaw.com

*/s/Robert P. Cocco*
Robert P. Cocco, Esquire
1500 Walnut St., Ste. 900
Philadelphia, PA  19102
(215) 351-0200
rcocco@rcn.com
*Pro Hac Vice pending*


*/s/ Phillip R. Robinson*
Phillip R. Robinson
*Admitted Pro Hoc Vice*
Consumer Law Center LLC
8737 Colesville Road, Suite 308
Silver Spring, MD 20910
(301) 448-1304
phillip@marylandconsumer.com
*Pro Hac Vice pending*

# EXHIBIT A

# LAW OFFICES OF MICHAEL F. NIZNIK

*Attorney and Counselor at Law*

Phone: 267-589-0601
Fax: 215-839-1223
www.NiznikLaw.com

Philadelphia Office (Main Office)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102

Norristown Office
525 Swede Street
Norristown, PA 19401

February 3, 2020

Via Certified Mail No.: 7019 2280 0000 2151 9296

Optio Solutions, LLC
1444 N. McDowell Blvd
Petaluma, CA 94954-6565

Re:   Anfibio v. Dodge of Paramus, Inc. Richard Jest, Fusion Auto Finance, LLC, and Affinitiy Federal Credit Union
Docket: BER-L-2291-19
American Arbitration Assoc. Case No. 01-19-0002-0039
Optio Solutions Account #: 186145-171668

To Whom It May Concern:

I represent Rosario Anfibio in the above-captioned matter(s). The subject vehicle was misrepresented and leased to my client with concealed accident damage. Upon learning of the mispresented and undisclosed pre-lease accident damage, my client immediately contacted Dodge of Paramus, Inc, Fusion Auto Finance, LLC, and Affinity Federal Credit Union and revoked his acceptance of the vehicle in conformity with N.J. Stat. § 12A:2-608. My client then notified all parties of his intention to retain possession of the vehicle as was his right under N.J. Stat. § 12A:2A-508. Accordingly, the repossession of the subject vehicle and the alleged debt accruing therefrom is unlawful. This debt is disputed. This matter is currently in litigation.

In accordance with the Federal Fair Debt Collection Practices Act (FDCPA 15 USC 1692(a-p)), you are notified to CEASE AND DESIST any and all further attempts to collect this alleged debt and to immediately stop all communication with my client. Please direct any future correspondence to my office. I am declining any debt collection attempts by Optio Solutions LLC or any other collection agency with regards to this matter.

In addition, you are hereby requested to inform and/or remove from any reporting agencies this alleged debt that is currently in dispute. I will require documentation that you have complied with this request.

Finally, please forward to my office all communication with, and information received from, Fusion Auto Finance, LLC concerning this alleged debt.

Very truly yours,

Michael F. Niznik, Esq.

**Note**: This letter serves as an attempt to compel a debt collector to obey Federal Law, and any information garnered from this attempt will be used for that purpose.



# EXHIBIT B

PO Box 1259
Dept # 732901
Oaks, PA 19456



**OPTIO Solutions, LLC.**

March 04, 2020



Rosario Anfibio
29 Cedarhurst Ave
Woodland Park NJ 07424-3002

11594-45

| | |
|---|---|
| Creditor to Whom the Debt is Owed: | Fusion Auto Finance |
| Telephone: | (866) 870-8015 |
| Reference #: | |
| Account #: | |
| Principal: | $2858.00 |
| Balance Due: | $2858.00 |

0001 006991

Dear Rosario Anfibio

As a courtesy, we are writing you regarding an overdue account with Fusion Auto Finance. We understand this outstanding balance may be an oversight and we wish to provide you the opportunity to resolve this matter quickly. Our request for resolution does not affect your right to dispute this debt. In an effort to resolve this matter, please send your payment directly to our client using the remittance below, or send all other correspondence to this agency.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This communication is from a debt collector.

Send correspondence, other than payments to:
Optio Solutions, LLC.
1444 N McDowell Blvd • Petaluma, CA 94954-6515
Tel (866) 401-0788 • Fax (707) 793-5720
Business Hours: 8am- 5pm PST M-F

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment against you and have such verification or judgment mailed to you. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION        11594-D1-45

---
IMPORTANT: DETACH HERE AND RETURN THIS PORTION WITH YOUR PAYMENT

Rosario Anfibio
29 Cedarhurst Ave
Woodland Park NJ 07424-3002

**IF PAYING BY VISA OR MASTERCARD, FILL OUT BELOW**

| ☐ VISA | | ☐ MASTERCARD | |
|---|---|---|---|
| CARD NUMBER | | EXP. DATE | AMOUNT |
| SIGNATURE | | | PHONE (with area code) ( ) - |

Balance Due: $2858.00
Account #:
Reference #:

MAKE CHECK OR MONEY ORDER PAYABLE TO:

Fusion Auto Finance
1320 Tennis Dr
Bedford TX 76022

1 of 1



11594-D1-45

PO Box 1259
Dept # 132981
Oaks, PA 19456

**Optio Solutions, LLC.**

March 18, 2020

|  |  |
|---|---|
| Creditor to Whom the Debt is Owed: | Fusion Auto Finance |
| Telephone: | (866) 870-8015 |
| Reference #: | |
| Account #: | |
| Principal: | $2858.00 |
| Balance Due: | $2858.00 |

11594-399

Rosario Anfibio
29 Cedarhurst Ave
Woodland Park NJ  07424-3002

0001 005584

Dear Rosario Anfibio

This is our second attempt to resolve your overdue account with Fusion Auto Finance. Your attention to this matter is required.  Please keep in mind the 30-day verification period began upon receipt of our first letter. Our request for resolution does not affect your right to dispute this debt. In an effort to resolve this matter, please send your payment directly to our client using the remittance below, or send all other correspondence to this agency.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This communication is from a debt collector.

SEND CORRESPONDENCE, OTHER THAN PAYMENTS TO:
**Optio Solutions, LLC.**
1444 N MCDOWELL BLVD · PETALUMA, CA 94954-6515
Tel (866) 401-0788 · Fax (707) 793-5720
Business Hours: 8am- 5pm PST M-F

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**           11594-L2-399

----------

IMPORTANT: DETACH HERE AND RETURN THIS PORTION WITH YOUR PAYMENT

Rosario Anfibio
29 Cedarhurst Ave
Woodland Park NJ  07424-3002

IF PAYING BY VISA OR MASTERCARD, FILL OUT BELOW

☐ VISA      ☐ MASTERCARD

CARD NUMBER          EXP. DATE          AMOUNT

SIGNATURE            PHONE (with area code)
                     (    )    -

Balance Due:     $2858.00
Account #:
Reference #:

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**

Fusion Auto Finance
1320 Tennis Dr
Bedford TX 76022

1 of 1

11594-L2-399

PO Box 1355
Dept # 132901
Oaks, PA 19456

Rosario Anfibio
29 Cedarhurst Ave
Woodland Park NJ 07424-3002          11594-264

**OPTIO Solutions, LLC.**

April 01, 2020

Creditor to Whom the Debt is Owed: Fusion Auto Finance
Telephone: (866) 870-8015
Reference #:
Account #:
Principal: $2858.00
Balance Due: $2858.00

Dear Rosario Anfibio

Your overdue account with Fusion Auto Finance remains unresolved. Immediate attention to this matter is required. Please keep in mind the 30-day verification period began upon receipt of our first letter. To resolve this matter, please send your payment directly to our client using the remittance below, or send all other correspondence to this agency.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This communication is from a debt collector.

SEND CORRESPONDENCE, OTHER THAN PAYMENTS TO:
**Optio Solutions, LLC.**
1444 N MCDOWELL BLVD • PETALUMA, CA 94954-6515
Tel (866) 401-0788 • Fax (707) 793-5720
Business Hours: 8am- 5pm PST M-F

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**           11594-L3-264

---
IMPORTANT: DETACH HERE AND RETURN THIS PORTION WITH YOUR PAYMENT

Rosario Anfibio
29 Cedarhurst Ave
Woodland Park NJ 07424-3002

IF PAYING BY VISA OR MASTERCARD, FILL OUT BELOW
☐ VISA   ☐ MASTERCARD
CARD NUMBER | EXP. DATE | AMOUNT
SIGNATURE | PHONE (with area code) ( ) -

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**

Balance Due: $2858.00
Account #:
Reference #:

Fusion Auto Finance
1320 Tennis Dr
Bedford TX 76022

1 of 1


11594-L3-264