UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROSARIO ANFIBIO, on behalf of himself and all others similarly situated,**<br><br>       **Plaintiff,**<br><br>  v.<br><br>**OPTIO SOLUTIONS LLC,**<br><br>       **Defendant.** | Case No. 20–cv–11146–CCC–ESK<br><br>**OPINION AND ORDER** |

**KIEL, U.S.M.J.**

    **THIS MATTER** comes before the Court on defendant's motion to stay discovery (Motion to Stay) (ECF No. 13) pending the resolution of defendant's motion to dismiss and to compel arbitration (Motion to Dismiss) (ECF No. 3); and plaintiff having opposed the Motion to Stay (ECF No. 14); and the Court having considered the parties' respective submissions on the Motion to Stay; and the Court finding,

    1.    The complaint in this matter was filed on August 23, 2020.  (ECF No. 1.)  Plaintiff alleges that defendant violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692, *et seq.*, because defendant's dunning letter sent to plaintiff allegedly contained false and misleading statements.  (*Id.* pp.8–10.)  Plaintiff also brings a putative class action on behalf of all other persons similarly situated.  (*Id.*)

    2.    Defendant filed its Motion to Dismiss on September 21, 2020.  (ECF No. 3.)  The Motion to Dismiss argues that plaintiff's claims are subject to arbitration because the lease for a motor vehicle (Lease), from which the alleged debt arose, contains an arbitration provision.  (ECF No. 3-1 p.11.)  It further argues that the class allegations should be stricken because the applicable arbitration provision mandates arbitration on an individual basis.  (*Id.* p.7.)

    3.    Plaintiff opposed the Motion to Dismiss.  (ECF No. 7.)  He argues that the Motion to Dismiss should be denied because: (a) there is no evidence that defendant was "assigned" the right to arbitrate under the Lease; (b) the FDCPA claim is "independent" of the debt itself; and (c) the class action waiver only applies in the arbitration context.  (*Id.* pp.5–14.)

4. This Court has the discretion to stay a proceeding whenever "the interests of justice" mandate "such action." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970). The Court's authority "to control the disposition of the causes on its docket with economy of time and effort" implicitly carries with it "the power to stay proceedings[.]" *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In making such a determination, courts "must weigh competing interests" and strive to "maintain an even balance[,]" *id.* at 255, mindful that the stay of a civil proceeding constitutes "an 'extraordinary remedy.'" *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F.Supp.2d 523, 526 (D.N.J. 1998) (quoting *Weil v. Markowitz*, 829 F.2d 166, 174 n.17 (D.C.Cir. 1987)).

5. Courts weigh a number of factors in deciding whether to grant a stay of discovery, including: (a) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (b) whether denial of the stay would create a "clear case of hardship or inequity"; (c) whether a stay would simplify the issues and the trial of the case; and (d) whether discovery is complete and/or a trial date has been set. *Akishev v. Kapustin*, 23 F.Supp.3d 440, 446 (D.N.J. 2014) (citations omitted).

6. Generally, the filing of a dispositive motion does not constitute good cause under Rule 26(c) to stay discovery. *Gerald Chamales Corp. v. Oki Data America, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007). However, in *Klepper v. SLI, Inc.*, 45 Fed.App'x. 136 (3d Cir. 2002), the Third Circuit vacated a district court's order directing the parties to proceed with discovery while the defendant's motion to compel arbitration remained pending. *Id.* at 138. The Third Circuit determined that requiring the "parties to submit to full discovery under the Federal Rules of Civil Procedure may unnecessarily subject them 'to the very complexities, inconvenience and expenses of litigation that they determined to avoid.'" *Id.* (citing *Suarez-Valdez v. Shearson Lehman/American Exp., Inc.*, 858 F.2d 648, 649 (11th Cir. 1988)).

7. Here, defendant claims that all of plaintiff's claims are subject to an arbitration provision in the Lease. Applying the ruling in *Klepper* to this matter, I find that the first and second factors weigh in favor of staying discovery pending the resolution of the Motion to Dismiss (which also seeks to compel arbitration). Defendant believes it should not be required to engage in "time consuming and expensive" discovery in litigation before this Court (ECF No. 13-1 p. 7), but rather, should be afforded the benefit of what it claims was bargained for: arbitration. Defendant also believes discovery would be complicated further because plaintiff seeks to assert a class action. While I cannot predict the ultimate disposition of the Motion to Dismiss , I can conclude that requiring defendant at this juncture to engage in discovery in this forum, without knowing whether it has the right to arbitrate plaintiff's claims, would present a clear tactical advantage to plaintiff. Proceeding with discovery before resolution of the Motion to Dismiss would also create a clear case of hardship and inequity for defendant, particularly in view of the additional complexities that defending a putative class action can entail.

8.     The third factor weighs in favor of staying discovery.  Under the third factor, the Court determines "whether a stay would simplify the issues and the trial of the case[.]"  *Cima Labs, Inc. v. Actavis Group HF*, No. 07-00893, 2007 WL 1672229, at *8 (D.N.J. June 7, 2007) (citing *Motson v. Franklin Covey Co.*, 03-01067, 2005 WL 3465664, at *1 (D.N.J. Dec. 16, 2005)).  If the Motion to Dismiss is granted, this matter would no longer be before this Court and would be resolved through arbitration.  Conversely, denying a stay and ordering discovery to proceed would be inefficient and unproductive were the Court to determine, ultimately, that this matter is subject to arbitration.

9.     The fourth factor weighs in favor of staying discovery.  Under the fourth factor, the Court examines "whether discovery is complete and/or a trial date has been set."  *Id.*  The fact discovery end date is July 30, 2021 (ECF No. 12 ¶ 2), the parties have not engaged in any significant discovery (ECF No. 13-1 p. 8), and a trial date has not been scheduled.  As such, the relative infancy of this matter, the lack of discovery yet conducted, and the absence of a scheduled trial support the entry of a stay of discovery.

Accordingly,

**IT IS** on this   **30th** day of **December 2020**   **ORDERED** that:

1.     The Motion to Stay (**ECF No. 13**) is **GRANTED**.  The Clerk of the Court is directed to terminate the Motion to Stay at ECF No. 13**.**

2.     The parties are reminded of the telephone status conference scheduled for **February 16, 2021 at 11:30 a.m.**  The dial in number is 1-888-684-8852 and access code is 310-0383#.  The parties shall file a joint letter, at least three business days before the conference advising of the status of discovery, any pending motions, and any other issues to be addressed.

   */s/ Edward S. Kiel*
   **EDWARD S. KIEL**
   **UNITED STATES MAGISTRATE JUDGE**