**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROSARIO ANFIBIO, on behalf of himself and all others similarly situated,<br><br>                        Plaintiff(s),<br><br>v.<br><br>OPTIO SOLUTIONS LLC,<br><br>                        Defendant. | Civil Action No.: 20-11146<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on the motion of Defendant Optio Solutions LLC ("Defendant") to dismiss Rosario Anfibio's ("Plaintiff") putative class-action First Amended Complaint (ECF No. 26, "FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to compel arbitration and subsequently dismiss Plaintiff's claims pursuant to an arbitration agreement. ECF No. 29. Defendant also moves to strike Plaintiff's class allegations pursuant to Rule 12(f) and deny class certification under Rule 23(d)(1)(D). *Id.* Plaintiff filed an opposition (ECF No. 30, "Opp.") and Defendant replied in support of its motion. ECF No. 31 ("Reply"). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion is denied without prejudice and the parties are ordered to conduct limited discovery on the issue of arbitrability.[1]

**I.**      **BACKGROUND**

This dispute arises out of an alleged debt (the "Lease Debt") incurred by Plaintiff with respect to an automotive lease agreement (the "Agreement") dated May 21, 2016. FAC ¶ 9. Plaintiff entered into the Agreement with Dodge of Paramus, Inc. ("Lessor"), which subsequently

---

[1] As the Court is ordering limited discovery on the issue of arbitrability, the Court need not consider the other arguments raised in Defendant's motion at present.

1

assigned its interest in Plaintiff's Lease Debt to Fusion Auto Finance ("Fusion").  *Id.* at ¶ 10.  Plaintiff allegedly defaulted on the Lease Debt and Fusion repossessed the motor vehicle underlying the Agreement on July 14, 2019.  *Id.* at ¶¶ 16, 19.  Plaintiff alleges that on or before February 3, 2020, Fusion referred its interest in Plaintiff's Lease Debt obligation to Defendant for debt collection purposes.  *Id.* at ¶ 17.  Plaintiff contends that Defendant is not a signatory to the Agreement.  *Id.* at ¶ 18.  Plaintiff asserts that after its appointment as debt collector, Defendant purportedly sent a letter to Plaintiff seeking to collect the Lease Debt.  *Id*. at ¶ 20.  In response, Plaintiff, through counsel, allegedly notified Defendant that Plaintiff disputed the Lease Debt and instructed Defendant to cease and desist any further communication directly with Plaintiff.  *Id.* at ¶ 22.  Plaintiff claims that Defendant sent him additional collection letters dated March 4, March 18, and April 1, 2020.  *Id.* at ¶ 24.

      Plaintiff alleges Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (the "FDCPA") by: (i) repeatedly contacting Plaintiff directly regarding a disputed debt after notice of cease and desist from Plaintiff's counsel in violation of 15 U.S.C. § 1692c(c) and 15 U.S.C § 1692c(a)(2) (FAC ¶¶ 48, 58, 59); (ii) using false, deceptive or misleading representations or means in connection with its attempted debt collection in violation of 15 U.S.C § 1692e (*Id.* at ¶¶ 48, 60, 61, 64); and (iii) claiming a right to compel Plaintiff to arbitration as an alleged third party to the Agreement in violation of 15 U.S.C § 1692f. (*Id.* at ¶¶ 37, 62).  Plaintiff brings these claims as part of a circuit-wide class action pursuant to Rule 23 on behalf of all consumers in the circuit who were sent collection letters by Defendant in violation of the FDCPA.  *Id.* at ¶ 50.

Defendant now moves to compel Plaintiff to arbitrate his claims pursuant to the Agreement underlying the Lease Debt.  The Agreement contains an "Important Arbitration Disclosure" and class action waiver, which states in relevant part that:

> For purposes of the Arbitration provisions, the terms "us" and "our" refer to the Lessee and Lessor, and Lessor's successors and assignees.
>
> 1. If either of us choose, any dispute between us will be decided by arbitration and not in court.
>
> 2. If a dispute is arbitrated, each of us will give up the right to a trial by a court or a jury trial.
>
> 3. You agree to give up any right you may have to bring a class-action lawsuit or class arbitration, or to participate in either as a claimant, and you agree to give up any right you have to consolidate your arbitration with the arbitration of others.
>
> . . . .
>
> Any claim or dispute, whether in contract, tort or otherwise (including any dispute over the interpretation, scope or validity of this Lease, arbitration clause or the arbitrability of any issue), between us or Lessor's employees, agents, successor's or assigns, which arise out of or relate to this Lease or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Lease) shall, at the election of either of us (or the election of any such third party), be resolved by a neutral, binding arbitration and not by court action.

FAC ¶ 41, Ex. C; ECF No. 29 at 9–10.  The Agreement also highlights that any use of "we," "us," and "our" may refer not just to Lessor and Fusion, but also to any successors, assigns, or servicing agents.  FAC at Ex. C; ECF No. 29 at 14.

In dispute of his Lease Debt, Plaintiff filed a separate suit against Fusion and Lessor on March 26, 2019, in Bergen County Superior Court alleging the Agreement was the product of fraud.  FAC ¶¶ 19, 29; *see Anfibio v. Dodge of Paramus, Inc.,* Superior Court of New Jersey, Bergen County, BER-L-002291-19.  Lessor and Fusion moved to compel arbitration under the same Agreement at issue in the instant action, and Plaintiff participated in the arbitration. FAC ¶¶ 30-31.  On January 4, 2021, Lessor, Fusion, and Plaintiff reached a resolution in arbitration, which

included an irrevocable assignment of Plaintiff's Lease Debt obligation from Fusion and Lessor to Plaintiff (hereinafter, the "Arbitration Assignment"). *Id.* at ¶ 33, Ex. C. Plaintiff contends this Arbitration Assignment confers upon him an ownership interest in his own Lease Debt obligation. As part of the Arbitration Assignment to Plaintiff, both Lessor and Fusion allegedly represented that they had never previously assigned the Lease Debt, or any rights under it, to any other party. *Id.* at ¶¶ 35, 46. Thereafter, as the purported "exclusive assignee" of the Lease Debt, Plaintiff alleges he unilaterally voided the Agreement's arbitration provision effective January 8, 2021. *Id.* at ¶ 47. Defendant disputes the validity of Plaintiff's alleged termination of the Agreement's arbitration provision.

In its motion, Defendant argues that it is a successor in interest to the Agreement and capable of enforcing the arbitration provision as a servicing agent and third party beneficiary. ECF No. 29 at 9–15. Moreover, Defendant avers that Plaintiff cannot unilaterally void the arbitration provision in the Agreement with respect to third parties, notwithstanding the purported Arbitration Assignment. *Id.* at 10–12. Plaintiff contends that Defendant may not compel arbitration as a non-signatory to the Agreement. Opp. at 5-10. Further, regardless of any alleged third party interest in the Agreement, Plaintiff argues that he unilaterally terminated the arbitration provision rendering it unenforceable. *Id.*

## II.     LEGAL STANDARD

The Federal Arbitration Act ("FAA") reflects the strong federal policy in favor of arbitration and "places arbitration agreements on equal footing with all other contracts.'" *Bacon v. Avis Budget Grp., Inc.*, 959 F.3d 590, 599 (3d Cir. 2020) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)). Pursuant to the FAA, courts "compel arbitration of claims covered by a written, enforceable arbitration agreement." *Bacon*, 959 F.3d at 599 (citing FAA, 9

4

U.S.C. §§ 3, 4). Yet despite the strong presumption of arbitrability, "[a]rbitration is strictly a matter of contract" and thus is governed by state law. *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 441, 444 (3d Cir. 1999) ("If a party has not agreed to arbitrate, the courts have no authority to mandate that he do so."). Accordingly, when deciding whether to compel arbitration under the FAA, the Court must determine "(1) whether there is a valid agreement to arbitrate between the parties and, if so, (2) whether the merits-based dispute in question falls within the scope of that valid agreement." *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 220 (3d Cir. 2014) (internal citation omitted). In conducting this inquiry, the Court applies state law principles of contract formation. *Torres v. Rushmore Serv. Ctr., LLC*, No. 18-9236, 2018 WL 5669175, at *2 (D.N.J. Oct. 31, 2018).

### III. DISCUSSION

In determining whether a valid arbitration agreement exists between the parties, the Court must first decide whether to apply the Rule 12(b)(6) or Rule 56 standard of review. *Sanford v. Bracewell & Guiliani, LLP*, 618 F. App'x 114, 117 (3d Cir. 2015). The Court will review a motion to compel arbitration under the Rule 12(b)(6) standard "when it is apparent, based on the 'face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause.'" *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013) (citations omitted); *see also MZM Construction Co., Inc. v. N.J. Building Laborers Statewide Benefits Fund*, Nos. 18-3791 & 19-3102, 2020 WL 5509703, at *14 (3d Cir. Sept. 14, 2020).

Conversely, the Rule 56 standard will apply "when either 'the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity' to establish on its face that the parties agreed to arbitrate, or the opposing party has come forth with reliable evidence that is more than a 'naked assertion . . . that it did not intend to be bound' by the arbitration agreement, even

5

though on the face of the pleadings it appears that it did." *Guidotti*, 716 F.3d at 774 (citations omitted); *see Noonan v. Comcast Corp*, No. 16-458, 2017 WL 4799795, at *4 (D.N.J. Oct. 24, 2017) ("[Thus,] a Rule 12(b)(6) standard is not appropriate because the motion cannot be resolved without consideration of evidence outside the pleadings, and, if necessary, further development of the factual record."). Accordingly, "the non-movant must be given a limited opportunity to conduct discovery on the narrow issue of whether an arbitration agreement exists." *Ross v. CACH, LLC*, No. 14-6321, 2015 WL 1499282, at *2 (D.N.J. Apr. 1, 2015); *see also Guidotti*, 716 F.3d at 774–76 ("Under the first scenario, arbitrability not being apparent on the face of the complaint, the motion to compel arbitration must be denied pending further development of the factual record. . . . Under either of those scenarios, a 'restricted inquiry into factual issues' will be necessary to properly evaluate whether there was a meeting of the minds on the agreement to arbitrate."). "After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under [the Rule 56] summary judgment standard." *Guidotti*, 716 F.3d at 776.

Here, although Plaintiff included the arbitration provision in his FAC, he does so only to argue that the provision is unenforceable and that he never intended to be bound to arbitrate his claims against a non-signatory. Whether Defendant is a successor to the Agreement and a third party beneficiary capable of enforcing the arbitration provision cannot be resolved without considering additional evidence extraneous to the pleadings, and thus it would be inappropriate to apply the Rule 12(b)(6) standard in deciding this motion. *Id.* at 774. Accordingly, further development of the factual record is necessary to evaluate the arbitrability of this dispute.

As courts in this circuit have explained, a "motion to compel arbitration must be denied pending further development of the factual record" in scenarios in which the pleadings do not adequately elucidate the relationship between the relevant parties. *Id.; see, e.g.*, *Sovereign Bank*

6

*v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 168–173 (3d Cir. 2008) (converting a 12(b)(6) motion to a Rule 56 motion to allow discovery on whether the Plaintiff was a third party beneficiary to the contract); *Kennedy v. LVNV Funding LLC*, No. 18-10695, 2019 WL 1789477, at *3 (D.N.J. Apr. 24, 2019) ("Defendants' failure to provide proof of succession or assignment [from creditor to debt collector] warrants additional discovery"); *Page v. N.A.R. Inc.*, No. 18-2200, 2019 WL 1370146, at *5 (D.N.J. Mar. 26, 2019) (ordering "limited discovery into whether [the original creditor] validly assigned its rights to [defendant] and thereby enabled [defendant] to invoke the arbitration provision."); *HEI Invs., LLC v. Black Diamond Cap. Appreciation Fund, LP*, No. 15-746, 2016 WL 952338, at *5 (D.N.J. Mar. 14, 2016) (denying a motion to compel arbitration where the Court required additional facts to determine whether non-signatories could compel arbitration); *MacDonald v. Unisys Corp.*, 951 F. Supp. 2d 729, 738 (E.D. Pa. 2013) (denying a motion to compel arbitration and ordering additional discovery on the question of arbitrability because "[t]he applicability of equitable estoppel and/or third party beneficiary theories depends upon materials outside the sphere of those that can be considered [under Rule 12(b)(6)]").

While it is undisputed that Plaintiff, Lessor, and Fusion entered into a valid agreement to arbitrate (*see* FAC ¶¶ 30-31), Lessor and Fusion are not parties to this case.  Nevertheless, the terms of the Agreement allow unilateral enforcement of the arbitration provision by Lessor, Fusion, or any of their "successors or assigns," including "any such . . . [third] parties who do not sign this lease." *Id.* at Ex. C.  Defendant asserts that this language clearly contemplates enforcement by a debt collector as successor and third party beneficiary to the Agreement, yet offers insufficient evidence establishing any such relationship.  Both Plaintiff and Defendant merely claim that the debt was "placed" with Defendant for debt collection purposes. *Id.* at ¶ 40; ECF No. 29 at 1.  Neither party provides a detailed recitation or documentary support of the

circumstances by which Defendant benefited from or succeeded to Lesssor's or Fusion's interest in the Agreement.

Accordingly, the Court will deny Defendant's motion without prejudice and will order the parties to conduct limited discovery on the issue of arbitrability. Thereafter, Defendant may file a renewed motion to compel arbitration, which the Court will review under the Rule 56 standard. Defendant may raise any additional arguments, if applicable, in its renewed motion.

### IV.  CONCLUSION

For the reasons set forth above, Defendant's motion to compel arbitration must be denied pending further factual development of the record.

Accordingly, **IT IS** on this 30th day of June, 2022:

**ORDERED** that Defendant's motion (ECF No. 29) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the parties shall conduct limited expedited discovery on the issue of arbitrability.

**SO ORDERED.**

s/ Claire C. Cecchi
**CLAIRE C. CECCHI, U.S.D.J.**